UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN ZIMMERMAN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 15-CV-1174 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| EDWIN A. ABRAHAMSEN & | : | |
| ASSOCIATES, P.C., | : | |
| Defendant | : | |

# **MEMORANDUM**

## I.    **BACKGROUND**

On June 15, 2015, Plaintiff, Steven Zimmerman, instituted the above-captioned action by filing a complaint against Defendant, Edwin A. Abrahamsen & Associates, P.C., which alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Doc. 1). On August 21, 2015, Defendant filed an answer to the complaint. (Doc. 5). On October 28, 2015, the Court issued a Scheduling Order, which set the following pre-trial deadlines: initial disclosures were due October 29, 2015; the final date for joining additional parties was December 16, 2015; the final date for the amendment of pleadings was January 15, 2016; fact discovery was to be completed by February 18, 2016; dispositive motions were due by March 18, 2016; and expert discovery was to be completed by April 18, 2016. (Doc. 8). Furthermore, pursuant to the Scheduling Order, "[a]ny motions or briefs filed after the expiration of the

applicable deadline without prior leave of court shall be stricken from the record," and "[n]o extensions of the pre-trial schedule shall be granted absent good cause." (Doc. 8).

On November 13, 2015, Plaintiff "served Defendant with his self-executing disclosure, Interrogatories, and Requests for Production of Documents." (Doc. 19, p. 2). According to Plaintiff, "[p]ursuant to Fed.R.Civ.P. 33 and 34, Defendant's written discovery responses and production of documents were due on or before December 14, 2015." (Id.). Plaintiff states that "[u]pon request of Defendant's counsel, Michael Ratchford, Plaintiff granted Defendant an extension within which to respond to the Interrogatories and Requests for Production of Documents until December 21, 201[5]." (Id.). However, Defendant did not provide responses to the interrogatories and requests for production of documents on or before December 21, 2015. (Id.). Plaintiff's counsel then made "multiple attempts to follow-up with Mr. Ratchford about Defendant's overdue discovery responses." (Id.). Plaintiff's counsel then "received" responses from Defendant's counsel, in which Defendant's counsel stated on December 30, 2015, that he was "'[f]inishing them up now,'" and on December 31, 2015, that he was "'still trying to get some information from [his] IT guy.'" (Id.) (citing Docs. 19-9, 19-10, 19-11).

On February 18, 2016, Plaintiff filed a motion for extension of time to

complete discovery and brief in support. (Docs. 9, 10). By Order dated March 7, 2016, Plaintiff's unopposed motion was granted, and the discovery deadline was extended to March 21, 2016. (Doc. 11). On March 21, 2016, Plaintiff filed a concurred in motion for extension of time to complete discovery and brief in support. (Docs. 12, 13). By Order dated March 30, 2016, Plaintiff's motion was granted, and the discovery deadline was extended to April 20, 2016. (Doc. 14). Additionally, based on the new discovery deadline, the dispositive motion deadline was extended to May 20, 2016. (Id.).

On April 7, 2016, Defendant submitted its response to Plaintiff's requests for documents. (Doc. 19-12). Throughout its response, Defendant stated that a number of the requested documents were "[t]o be provided." (Id. at pp. 1-2).

On April 15, 2016, Plaintiff's counsel "sent a letter to Defendant outlining the various deficiencies in Defendant's responses, including the fact that no documents were produced." (Doc. 19, p. 3) (citing Doc. 19-13). In that letter, Plaintiff's counsel stated that while the responses from Defendant's counsel were "appreciated, there are a number of issues that must be addressed." (Doc. 19-13, p. 1). Plaintiff's counsel continued by asking for Defendant's counsel to "[p]lease accept this correspondence in the same good faith with which it is being tendered in an effort to avoid judicial intervention." (Id.). Plaintiff's counsel asked "that

3

[Defendant's counsel] revisit your responses by the close of business, April 22, 2016." (Doc. 19-13, p. 1). Further, Plaintiff's counsel indicated that he was "filing this letter of record with the Court as a precursor to what I will expect to be a Motion to Compel More Specific Answers."[1] (Id.).

On May 25, 2016, the Court issued an Order setting the above-captioned action down for pre-trial conference and trial because "[t]o date, no dispositive motions have been filed . . . , nor has either party filed a motion requesting an extension of time to file such a motion." (Doc. 15, at p. 2). "Consequently," this Court found, "the deadlines for the completion of discovery and filing of dispositive motions have passed." (Id.).

On July 12, 2016, the Court issued an Order directing the parties to confer and file a joint status report on or before August 2, 2016. (Doc. 16). On July 27, 2016, Plaintiff's counsel communicated with Defendant's counsel concerning the April 15, 2016 letter. (Doc. 19-14, pp. 1-2). In that communication, Plaintiff's counsel stated that he did not "see a response to our 4/15 deficiency letter saved in our file. Could you please re-send me your response?" (Id. at p. 2). Plaintiff's counsel states that Defendant's counsel eventually provided a response to the

---

[1] As established by this matter's docket sheet, the April 15, 2016 letter by Plaintiff's counsel was not filed in this matter until September 20, 2016. See (Doc. 19-13).

4

April 15, 2016 letter in August 2016.  (Doc. 19, p. 3).

On August 3, 2016, as a result of the parties' failure to file a response to the July 12, 2016 Order, the Court directed the parties to confer and file a joint status report on or before August 10, 2016.  (Doc. 17).  Later on August 3, 2016, Plaintiff filed a status report "on behalf of both parties."  (Doc. 18).  Plaintiff indicated that "[d]iscovery has nearly been completed, but Defendant does still have some documents to produce to Plaintiff."  (Id.).  According to Plaintiff, "[t]he parties have agreed that such documents will be produced by the end of this week."  (Id.).  Further, Plaintiff stated that "[n]o dispositive motions have been filed and there seems to be no reasonable possibility of amicable resolution."  (Id.).  Finally, Plaintiff noted that "[t]he parties are prepared to move forward and hereby request that this Court enter a pretrial scheduling order."  (Id.).

Since August 3, 2016, Plaintiff contends that his counsel "has repeatedly requested that Defendant produce such documentation, but it has not been produced."  (Doc. 19, p. 3) (citing Doc. 19-14).  In particular, on August 9, 2016, Plaintiff's counsel sent an e-mail to Defendant's counsel indicating that Plaintiff's counsel "still" had not "received the documents you said you would produce in this case," and asking "[w]hen will you have them to me?"  (Doc. 19-14, p. 1).  Additionally, Plaintiff notes that "Defendant's counsel has not contended that the

5

requested documentation should not be produced; Defendant's counsel has repeatedly promised that such document would be produced and they have not been." (Doc. 19-14, p. 2). On August 17, 2016, Plaintiff's counsel sent e-mail to Defendant's counsel, this time asking "[w]here are the documents?" (Id. at p. 3). On August 22, 2016, Plaintiff's counsel sent another e-mail to Defendant's counsel. (Id. at p. 6). In this communication, Plaintiff's counsel stated that he "still haven't received the documents we discussed on the Zimmerman case. I will intend to file a Motion tomorrow if they are not produced." (Id.). On August 25, 2016, Plaintiff's counsel indicated to Defendant's counsel in an e-mail that he "still" had not "received any of the documents we discussed" and that he "will file a Motion to Compel if I don't receive them by Monday." (Id. at p. 8). On that same date, Defendant's counsel sent a response to Plaintiff's counsel, in which Defendant's counsel thanked Plaintiff's counsel "for giving me until Monday" and indicated that he was "pulling the documents together now." (Id. at p. 10). On September 13, 2016, Plaintiff's counsel sent another e-mail to Defendant's counsel. (Id. at p. 12). In this communication, Plaintiff's counsel stated that he was "going to file my motion to compel tomorrow" and that he "can't wait any longer." (Id.).

On September 20, 2016, Plaintiff filed the instant motion to compel

discovery and a brief in support. (Docs. 19-20). In particular, Plaintiff moves to compel Defendant to produce documents in response to Plaintiff's aforementioned November 13, 2015 discovery requests. (Doc. 19, pp. 2-3). While Plaintiff acknowledges that Defendant produced its responses on March 30, 2016, Plaintiff states that "no documents were produced with the responses and the responses simply indicated that documents were '[t]o be produced.'" (Id. at pp. 2-3). Plaintiff argues that since August 3, 2016, "Plaintiff has repeatedly requested that Defendant produce such documentation, but it has not been produced." (Doc. 20, p. 3). Further, Plaintiff claims that "Defendant's counsel has not contended that the requested documentation should not be produced; Defendant's counsel has repeatedly promised that such documents would be produced and they have not been." (Id.).

On October 24, 2016, Defendant filed an untimely brief in opposition.[2]

---

[2] Pursuant to Local Rule 7.6, "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition." M.D. Pa. L.R. 7.6. As noted, Plaintiff's motion to compel and brief in support was filed on September 20, 2016. (Docs. 19-20). Thus, without an extension of time, Defendant had until October 4, 2016, to file a timely brief in opposition. Defendant, however, untimely filed its brief on October 24, 2016. (Doc. 21). Notably, Plaintiff has not replied to Defendant's untimely brief in

(Doc. 21). Defendant argues that "[t]he April 20, 2016 [discovery] deadline came and went without Plaintiff filing any addition (sic) motion to extend the discovery deadline." (Id. at p. 2). Defendant continued by stating that "[d]espite missing the discovery deadline, Plaintiff filed a Motion to Compel Defendant to provide additional responses to discovery." (Id.). Further, Defendant quotes the language from the Court's Scheduling Order for the following: "'any motion or brief filed after the expiration of the applicable deadline without prior leave of court shall be stricken from the record.'" (Id. at p. 3) (emphasis in original). According to Defendant, "Plaintiff's filing of the discovery motion was past the applicable deadline and must be denied." (Id.). Lastly, Defendant contends that "Plaintiff has not provided any facts regarding the reason for his failure to file the motion

---

opposition, and the time for filing such has passed. M.D. Pa. L.R. 7.7. Thus, Plaintiff has not challenged Defendant's brief in opposition as being untimely. As a result, even though Defendant's brief in opposition is untimely, the Court will exercise its discretion to consider the arguments contained therein. See Morrison v. AccuWeather, Inc., 2016 U.S. Dist. LEXIS 68998, at *1 n.3 (M.D. Pa. May 26, 2016) (Brann, J.); Porter v. Safeco Ins. Co., 2016 U.S. Dist. LEXIS 15877, at *11 (M.D. Pa. Feb. 9, 2016) (Mariani, J.); Curran v. M&T Bank Corp., 2013 U.S. Dist. LEXIS 183481, at *8 n.5 (M.D. Pa. Dec. 3, 2013) (Schwab, M.J.), adopted by, 2014 U.S. Dist. LEXIS 3690 (M.D. Pa. Jan. 13, 2014); see also M.D. Pa. L.R. 1.3 ("The court may suspend these rules in individual cases by written order. When a judge of this court issues any order in a specific case which is not consistent with these rules, such order shall constitute a suspension of these rules for such case only and only to the extent that it is inconsistent. By way of illustration, but not of limitation, a judge of this court may issue an order in a specific case governing the practice and procedure, in whole or in part, in that case.").

within the time proscribed by the Scheduling Order." (Doc. 21, p. 3).

## II. DISCUSSION

Plaintiff moves to compel Defendant to produce the documents he has requested. (Docs. 19-20). As stated, Defendant claims that Plaintiff's motion should be denied as untimely. (Doc. 21).

Plaintiff brings his motion under Federal Rule of Civil Procedure 37(a)(1). See (Docs. 19-20). Rule 37(a)(1) allows a party to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). Importantly, Rule 37 does not provide a deadline for the filing of motions to compel. See Id.; see also Wright & Miller, Federal Practice & Procedure–Civil Rules 2016 Quick Reference Guide, Vol. 12B, at 714 ("There is no set time limit for filing a motion to compel, and the court will consider delay in filing the motion and the procedural posture of the case in deciding whether a motion to compel is timely.[footnote omitted]"). Generally, where, as here, a court does not set a deadline for the filing of motions to compel, such motions filed after the expiration of the discovery deadline have been deemed untimely. See, e.g., Courtney v. Ivanov, 2016 U.S. Dist. LEXIS 46519, at *7-8 (W.D. Pa. Apr. 6, 2016).

In this case, as noted above, the Court initially set February 18, 2016, as the deadline for fact discovery. (Doc. 8). Ultimately, however, the discovery deadline

9

in this matter was extended to April 20, 2016. (Docs. 11, 14). As stated, Plaintiff's motion to compel was not filed until September 20, 2016. (Doc. 19). Thus, Plaintiff's motion is facially untimely.

Notably, in addition to being untimely, courts have determined that motions to compel filed after the discovery deadline are impliedly seeking an amendment to the scheduling order under Federal Rule of Civil Procedure 16. See, e.g., Courtney, 2016 U.S. Dist. LEXIS 46519, at *7-8 ("Although Defendants Prompt Logistics do not indicate that they seek to reopen discovery and extend the discovery deadline, the Court interprets their motion as such because the deadline for discovery has expired."); Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd., 2013 U.S. Dist. LEXIS 27221, at *8 (W.D. Pa. Feb. 28, 2013). "Rule 16 of the Federal Rules of Civil Procedure authorizes a district court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings and the joinder of parties." Carnegie Mellon, 2013 U.S. Dist. LEXIS 27221, at *8 (citing FED. R. CIV. P. 16). Pursuant to Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); see also (Doc. 8). "Accordingly, Motions to Compel filed after the discovery deadline are untimely and prohibited, absent good cause." Carnegie Mellon, 2013 U.S. Dist. LEXIS 27221, at *8-9 (citing Flynn v. Health

Advocate, Inc., 2005 U.S. Dist. LEXIS 1704 (E.D. Pa. Feb. 8, 2005), aff'd, 169 F. App'x 99 (3d Cir. 2006); see Courtney, 2016 U.S. Dist. LEXIS 46519, at *16 (citing FED. R. CIV. P. 26(b)(2)(C)(ii); Carnegie Mellon, 2013 U.S. Dist. LEXIS 27221, at *8-9; Jiminez v. Pepsico Foods Caribbean, 2011 U.S. Dist. LEXIS 116100, at *8 (D.V.I. Oct. 6, 2011); Muniz v. Price, 2010 U.S. Dist. LEXIS 117108, at *5 (M.D. Pa. Nov. 3, 2010) (Carlson, M.J.); Graham v. Progressive Direct Ins. Co., 2010 U.S. Dist. LEXIS 96324, at *27 (W.D. Pa. Sept. 15, 2010)).

In such instances, the moving party, in order to successfully modify the scheduling order, must establish "that the schedule could not have been 'reasonably . . . met despite the diligence of the party seeking the extension.'" Williams v. City of York, Pa., 2016 U.S. Dist. LEXIS 60127, at *7 (M.D. Pa. May 6, 2016) (Rambo, J.) (quoting Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007)). Recently, this Court quoted the United States District Court for the Western District of Pennsylvania for the following:

> "With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible." 298 F.R.D. 244, 268. Thus, if a more diligent approach was possible, and the delayed request was "simply the result of carelessness or error," that request to reopen the discovery period must be denied.

Wilson v. TA Operating, LLC, 2016 U.S. Dist. LEXIS 130908, at *4-5 (M.D. Pa.

June 14, 2016) (Brann, J.) (quoting Trask v. Olin Corp., 298 F.R.D. 244, 268 (W.D. Pa. 2014); citing Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988)).

Here, Plaintiff claims that the delay in filing the instant motion was due to his counsel's reliance on the statements made by Defendant's counsel during the course of this litigation. See (Doc. 19, pp. 2-3); (Docs. 19-5 - 19-11); (Docs. 19-13 - 19-14). In particular, according to Plaintiff, "Defendant's counsel has repeatedly promised that such documents would be produced and they have not been." (Doc. 20, p. 3). Defendant responds by claiming that "Plaintiff has not provided any facts regarding the reason for his failure to file the motion within the time proscribed by the Scheduling Order." (Doc. 21, p. 3).

First, to the extent that Plaintiff is claiming that these promises allegedly made by Defendant's counsel constituted informal agreements between the parties to extend the discovery deadline that argument fails to establish good cause. Relevant to this determination is Federal Rule of Civil Procedure 29. The Court notes that:

> [w]hile parties may stipulate to discovery procedures, Federal Rule of Civil Procedure 29(b) requires that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial."

Banks v. City of Philadelphia, 309 F.R.D. 287, 291 (E.D. Pa. 2015) (quoting FED.

12

R. Civ. P. 29(b); citing Morgan v. 3M Co., 2011 U.S. Dist. LEXIS 151791, at *15 n.1 (E.D. Pa. Dec. 22, 2011)). However, in this case, the parties never sought, nor did they obtain, court approval of the alleged informal agreements to extend the discovery deadline as required by Rule 29(b). See Fed. R. Civ. P. 29(b). Therefore, even assuming, without deciding, that the alleged promises could be read as informal agreements between the parties to extend the discovery deadline, those agreements would be in violation of Rule 29(b) and, thus, fail to establish good cause to modify the Court's Scheduling Order. See Banks, 309 F.R.D. at 291.

To the extent Plaintiff is claiming that the alleged promises made by Defendant's counsel establish good cause for the delay in filing the instant motion because Plaintiff was waiting for those promises to be fulfilled, that argument also fails. For one, most of the alleged promises relied on by Plaintiff were made after Plaintiff's counsel sent a letter to Defendant's counsel on April 15, 2016, which, as stated, made note that Defendant's discovery responses were deficient.[3] See (Doc. 14); (Doc. 19, p. 3). Specifically, most of these alleged promises were made

---

[3] Notably, however, the evidence submitted in support of the instant motion establishes that Defendant's counsel asserted their intent to produce the now sought after discovery prior to the April 15, 2016 letter. See (Doc. 19-12, pp. 1-2). Specifically, Defendant's counsel stated in their response to Plaintiff's request for documents that now relevant discovery materials were "[t]o be provided." (Id.).

13

approximately three (3) months after the expiration of the discovery deadline. See (Doc. 14); (Doc. 19, p. 3).

Additionally, regardless of the promises made by Defendant's counsel, the Court agrees with Defendant's contention that Plaintiff could have moved to compel Defendant to cure the deficiencies in their responses prior to the expiration of the discovery deadline. As a matter of fact, in the letter dated April 15, 2016, which was sent to Defendant's counsel, Plaintiff's counsel stated that they were aware of the now complained of deficiencies in Defendant's discovery responses and intended on filing "a Motion to Compel More Specific Answers." (Doc. 19-13, p. 1). However, it was not until the instant motion was filed on September 20, 2016, that Plaintiff eventually followed through with his plan to file such a motion. See (Doc. 19). Thus, even though Plaintiff made his requests prior to the expiration of the discovery deadline, granting the instant motion would require the Court to extend the discovery deadline pursuant to Rule 16(b) without the requisite good cause shown and would "reward [Plaintiff's] failure to undertake discovery in this matter." Courtney, 2016 U.S. Dist. LEXIS 46519, at *13.

Therefore, based on the foregoing, it is determined that Plaintiff has failed to establish the requisite good cause to satisfy Federal Rule of Civil Procedure 16 and, thus, amend this Court's Scheduling Order. As a result, Plaintiff's untimely

motion to compel will be denied.

## III. **CONCLUSION**

As a result of the above discussion, Plaintiff's motion to compel, (Doc. 19), will be denied.

A separate Order will be entered.

Date: August 28, 2017            **/s/ William J. Nealon**
                                 **United States District Judge**